UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY NICHOLS FOUCHT,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No.  1:22-cv-00068-AWI-CDB<br><br>ORDER ON STIPULATION AWARDING PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT<br><br>(ECF No. 24) |

Pending before the Court is the parties' stipulated motion for award and payment of attorney fees and expenses pursuant to the equal access to justice act. (ECF No. 24). The parties agree to an award of attorney's fees and costs to Plaintiff Mary Nichols Foucht's ("Plaintiff") attorney, Jonathan Omar Peña, in the amount of $6,750.00 pursuant to the Equal Access to Justice Act ("EAJA"). *Id.*; 28 U.S.C. § 2412.

On September 30, 2022, the Court granted the parties' stipulated motion for a remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. (ECF No. 22). Judgment was entered the same day. (ECF No. 23). Plaintiff now requests an award of attorney fees and expenses as the prevailing party. (ECF No. 24); *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who

wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).  The Commissioner did not oppose the requested relief.  (ECF No. 24).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees.  28 U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust."  *Id*.  Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust.  Moreover, the government does not oppose Plaintiff's stipulated request.  *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (finding position of the government not substantially justified where the parties stipulated to a remand of the action to the Commissioner for a new hearing).

Plaintiff requests an award of $6,750.00 in EAJA fees.  (ECF No. 24).  The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website.  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).  Even assuming Plaintiff's counsel seeks the published maximum rate of $231.49 for 2022,[1] the requested award would amount to approximately 29 hours of attorney time (not accounting for any paralegal time expended).  The Court finds this reasonable and commensurate with the number of hours an attorney reasonably would need to have spent reviewing the voluminous certified administrative record in this case (over 1,000 pages) and preparing the type of summary judgment motion Plaintiff's counsel prepared and filed (raising three disputed legal issues).  With respect to the results obtained, Plaintiff's counsel obtained a

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited December 30, 2022).

1  favorable judgment remanding the case for further administrative proceedings.

2      EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset
3  Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the Commissioner
4  determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset
5  allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

6      Accordingly, it is HEREBY ORDERED:

7    1. Plaintiff's stipulated request for the award and payment of attorney fees and expenses
8       pursuant to the EAJA (ECF No. 24) is GRANTED; and

9    2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in
10      the amount of 6,750.00.  Unless any offsets are applied under TOP, the government shall
11      make payment of the fees to Plaintiff's counsel Jonathan Omar Peña, in accordance with
12      Plaintiff's assignment of fees and subject to the terms of the stipulation.

13 IT IS SO ORDERED.

14   Dated:   **December 30, 2022**
15                                        UNITED STATES MAGISTRATE JUDGE